# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4040 | DATE | 12/09/2004 |
| CASE TITLE | Neshawn Moore vs. Metropolitan Water Reclamation | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[ held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pretrial conference held. For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for reconsideration [100-1] is granted. The Memorandum Opinion and Order dated 11/19/04 is modified in accordance with this Opinion. For the reasons stated in open court, plaintiff's motion in limine to bar any reference to any mention, by any witness, of the administrative charges or hearing brought against Ricky Allen is granted. Defendant's motion in limine to bar the use or attempted use by plaintiff of any testimony, documents, other evidence or arguments related to alleged acts of sexual harrassment against Shirley Edenberg is denied.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NESHAWN MOORE, )
)
Plaintiff, )
)
v. ) No. 02 C 4040
)
) Magistrate Judge Nan R. Nolan
METROPOLITAN WATER RECLAMATION )
DISTRICT OF GREATER CHICAGO )
Defendant. )

DOCKETED
DEC 1 3 2004

## MEMORANDUM OPINION & ORDER

This matter is before the court for ruling on plaintiff Neshawn Moore's motion for reconsideration, which relates to one of the court's rulings regarding defendant Metropolitan Water Reclamation District of Greater Chicago's ("the District") motions *in limine*. The District filed a motion in limine to exclude evidence regarding any acts of sexual harassment that occurred prior to October 14, 2004. In its memorandum opinion and order issued on November 19, 2004, the court denied that motion *in limine*, but barred evidence regarding an incident in the locker room during which Moore allegedly witnessed Ricky Allen and Sophia Evans having sex. (Mem. Op. & Order of 11.19.04 at 4-5.) The District argued for exclusion of evidence regarding the locker room incident on the grounds that a male employee "could have stumbled upon the same conduct." The court agreed, ruling that the locker room incident was not an act contributing to a hostile work environment because "the conduct was neither directed at Moore nor directed at her gender." *Id.* at 4. The court thus found that the incident was not relevant and further concluded that the prejudicial value of the incident substantially outweighed the probative value. Plaintiff now asks the court to reconsider that ruling, arguing that evidence relating to the



locker room incident should not be barred simply because the conduct was not specifically directed at her. The evidence, she contends, is relevant to show that there was a highly sexualized work environment at the District, and that the District failed to take complaints about sexual misconduct in the workplace seriously. As explained below, plaintiff's motion for reconsideration is granted; evidence regarding the locker room incident shall not be excluded *in limine*.

As a preliminary matter, plaintiff should have raised these arguments in opposition to the original motion *in limine*, rather than waiting until after the court issued its ruling. Motions for reconsideration are appropriate in cases in which there has been a change in the law or the facts since the issue was submitted to the court, or in cases in which the court has misunderstood a party's position. *Branson v. West*, No. 97 C 3538, 1999 WL 415516, at * 1 (N.D. Ill. June 4, 1999). This is not a situation where the court misunderstood the party, or where the law or facts changed. Rather, it is a case in which Moore could have, and should have, raised her arguments earlier. Nevertheless, the court agrees to reconsider its ruling.

Turning to the merits of Moore's motion, the court reiterates its previous ruling that the locker room incident is not actionable under Title VII. Conduct that is sexual in nature is not automatically actionable under Title VII. *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 80 (1998). "[B]ecause Title VII is premised on eliminating *discrimination*, inappropriate conduct that is inflicted on both sexes, or that is inflicted regardless of sex, is outside the statute's ambit." *Holman v. State of Indiana*, 211 F.3d 399, 403 (7th Cir. 2000). In other words, harassing conduct that is "equally offensive to male and female workers" is not harassment based on sex. *Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982). Witnessing two co-workers

2

having sex in the workplace is the type of conduct that reasonable men and women would find offensive. Accordingly, the locker room incident does not constitute harassment based on sex.[1]

Even though the locker room incident is not actionable under Title VII, the court is persuaded that the evidence should not be excluded *in limine*. The persuasive factor is that Moore complained to her supervisor, Paul Wysocki, about the locker room incident, who allegedly responded by asking if Moore had taken any pictures. Moore then complained to Wysocki's supervisor, but nothing was done. Evidence regarding the District's response to a complaint that employees were having sex in the workplace is relevant to Moore's claim that the District failed to adequately respond to her complaints about sexual harassment. Additionally, the evidence is relevant to Moore's theory that the District "had permitted the workplace to become so sexually charged, [sic] that Allen and Evans felt comfortable enough to engage in sex acts while at work." (Pl.'s Mot. ¶ 5.) Further, evidence regarding the locker room incident is

---

[1] Moore's analogy to cases involving pornography that is openly displayed in the workplace does not persuade the court otherwise. Where there is evidence that pornography is on display in the work place, such evidence may be considered as part of the hostile work environment claim. *See, e.g., Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995) (actionable sexual harassment includes exposure to pornographic pictures); *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 03 C 0885, 2004 WL 2453835, at *2 (N.D. Ill. Nov. 1, 2004) (denying summary judgment on hostile work environment claim based, in part, on the consistent presence of pornography in the workplace); *Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 1047316, at *2 (N.D. Ill. July 27, 2000) (evidence considered by jury included fact that plaintiff "saw a group of coworkers viewing a pornographic magazine"); *but see Williams v. City of Chicago*, 325 F. Supp. 2d 867, 878 (N.D. Ill. 2004) (finding that the mere presence of pornography in the workplace affects both genders, but nevertheless considering evidence of pornography as part of the totality of the circumstances). Whether the presence of pornography contributes to a hostile work environment likely depends on the facts of the case, however. There is a difference between a co-worker who openly displays pornography in the workplace and one who hides a pornographic magazine in his or her desk. Regarding Moore's analogy between the locker room incident and pornography, assuming Evans and Allen made some effort to be discrete, the locker room incident is more analogous to a co-worker who hopes (but fails) to keep the pornography in his bottom drawer a secret than to the co-worker who displays pornography openly. Moore's analogy to cases involving openly-displayed pornography does not convince the court that the locker room incident constitutes actionable sexual harassment.

3

admissible background evidence for Moore's hostile work environment claim, which must be assessed based on the totality of the circumstances. *See Williams v. City of Chicago*, 325 F. Supp. 2d 867, 878 (N.D. Ill. 2004) (stating that mere presence of pornography in the workplace "affects everyone 'regardless of sex[,]'" but concluding that because there was evidence of other conduct targeted at the plaintiff, "workplace pornography contributes to her hostile work environment claim because a hostile work environment is determined by the totality of the circumstances").

The court thus finds that evidence regarding the locker room incident is relevant to Moore's hostile work environment claim. Further, because the probative value of the complaint Moore lodged about the incident and the District's alleged response is significant, the court disagrees that the potential for prejudice substantially outweighs the probative value of the evidence. Moore's motion for reconsideration is therefore granted. The court overrules the District's objections under Rules 402 and 403 of the Federal Rules of Evidence, denies the motion in limine to the extent the District sought to exclude evidence of the locker room incident, and modifies the Memorandum Opinion and Order issued on November 19, 2004 in accordance with this opinion.

ENTERED:

_Nan R. Nolan_

NAN R. NOLAN
United States Magistrate Judge

Dated: December 10, 2004